IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS DANSIE and CATHERINE DANSIE, individuals, | |
| Plaintiffs, | OPINION AND ORDER |
| vs. | |
| EATON CORP., et al., | Case No. 2:07-cv-00963 |
| Defendants. | Judge Dee Benson |

## I. Introduction

Before the Court are Plaintiffs' two motions to remand to state court. A hearing was held on March 26, 2008. Mssrs. Stephen Russell and Jordan Kendell represented Plaintiffs. Mr. Tracey Fowler represented Defendant CBS Corporation,[1] Mr. John Lund represented Defendant Safety-Kleen Corporation, and Mssrs. Michael Larsen and Frank Daily represented Defendant Eaton Corporation. Having considered the parties' briefs, the relevant law, and the parties' oral argument, the Court issues the following Opinion and Order.

## II. Background

This case arises out of an accident that occurred at Clean Harbors incineration facility in Aragonite, Utah. Mr. Danise was severely burned while conducting a routine inspection when a hose, allegedly manufactured by Defendant Eaton Corporation ("Eaton") or Defendant Dana

---

[1] CBS is the successor entity identified in the complaint as Westinghouse Electric Corporation.

Corporation ("Dana"), failed causing highly flammable materials to escape and erupt into a fireball.

Plaintiffs filed suit in state court in Salt Lake County, Utah against Eaton, Dana, Safety-Kleen Corporation ("Safety-Kleen"), Westinghouse Electric Corporation ("CBS") and other defendants Plaintiffs believe at one time owned and/or operated the facility, alleging strict product liability, negligence, breach of implied warranties, breach of express warranty, and loss of consortium.

Two of the Defendants, Eaton and Safety-Kleen, were served on November 21, 2007. Three weeks later, on December 11, 2007, Safety-Kleen filed a notice of removal based on diversity of citizenship pursuant to 28 U.S.C. § 1446(b) (2007). About a week later, on December 20, 2007, Eaton objected to Safety-Kleen's notice of removal. Two weeks after that, on January 7, 2008, Eaton withdrew its objection. In the meantime, on December 19, 2007, twenty-seven days after Eaton and Safety-Kleen were served, Plaintiffs served Defendants Dana and CBS.

On January 9, 2008, Plaintiffs filed their first motion to remand on the ground that Eaton, the only other Defendant that had been served at the time of Safety-Kleen's removal, had not joined in or consented to Safety-Kleen's removal notice within thirty days of service of the complaint upon Safety-Kleen.

On January 17, 2008, while Plaintiffs' first motion to remand was pending, CBS filed a notice of removal to which all Defendants consented. CBS's removal was filed within thirty days of service upon CBS, but it was not filed within thirty days of service on Safety-Kleen and

Eaton.  Therefore, on February 18, 2008, Plaintiffs filed their second motion to remand, arguing that CBS's notice of removal was in violation of § 1446(b) because it was not filed within thirty days after the complaint was served on Safety-Kleen and Eaton.

### III. Discussion

#### A. Plaintiffs' First Motion to Remand

It is well established that in a case with multiple defendants, all served defendants must join in a notice of removal within thirty days or the case will be remanded to state court. Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981) (petition to remove action to federal court was procedurally defective for failure of one codefendant to join in petition).  Safety-Kleen did not obtain consent from Eaton, the only other Defendant to have been served, as required under the rule of unanimity.  By the time Eaton consented to Safety-Kleen's petition for removal, the thirty-day § 1446(b) clock had run.  Therefore, Safety-Kleen's removal was defective for failing to obtain consent from all then-served defendants.  Accordingly, Plaintiffs' first motion for remand is GRANTED.

#### B. Plaintiffs' Second Motion to Remand

The question before the Court on Plaintiffs' second motion to remand is whether, in a case with multiple defendants served at different times, each defendant is allowed thirty days after being served to remove or, instead, only has thirty days from the time the first defendant is served.  The Court of Appeals for the Tenth Circuit has not yet addressed this issue, and there is a split of authority in the other circuits.

The removal statute provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter . . . .

28 U.S.C. § 1446(b).

Plaintiffs urge this Court to adopt the so-called first-served defendant rule under which the thirty-day clock in which to remove a case to federal court begins to run upon service of the first defendant. The rule was explained by the Fifth Circuit in <u>Getty Oil Corp. v. Ins. Co. of N. America</u> as follows:

> In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable). It follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served. This rule, which is followed by district courts in this Circuit and others . . . promotes unanimity among the defendants without placing undue hardships on subsequently served defendants.

841 F.2d 1254, 1262–63 (5th Cir. 1988) (internal citations omitted).

<u>Getty Oil Corp.</u> involved three defendants, each served on different dates. The two defendants that were served first timely filed a notice of removal. The third defendant joined in the removal within thirty days of being served, but more than thirty days after the first two defendants had been served. Following the first-served defendant rule, the <u>Getty Oil Corp.</u> court found that the removal was untimely.

A number of district courts from other jurisdictions have followed the first-served defendant rule. See, e.g., Air Starter Components, Inc. v. Molina, 442 F.Supp.2d 374 (S.D. Tex. 2006); Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG, 335 F.Supp.2d 1131, 1133 (D. Colo. 2004) (finding it to be the "majority rule"); Smith v. The Health Center of Lake City, Inc., 252 F.Supp.2d 1336 (M.D. Fla. 2003); Baych v. Douglass, 227 F.Supp.2d 620 (E.D. Tex. 2002); Auchinleck v. Town of LaGrange, 167 F.Supp.2d 1066 (E.D. Wis. 2001); McAnally Enterprises, Inc. v. McAnally, 107 F.Supp.2d 1223, 1227 (C.D. Cal. 2000) (finding it to be the "majority rule"); Holder v. City of Atlanta, 925 F.Supp. 783 (N.D. Ga. 1996); and Scialo v. Scala Packing Co., Inc., 821 F.Supp. 1276 (N.D. Ill. 1993).

Plaintiffs argue CBS's notice of removal is untimely under the first-served defendant rule because, although CBS's notice was filed within thirty days of service upon CBS, its notice of removal was filed more than thirty days after the first two defendants had been served.

Defendants argue that the CBS's notice was timely because it was within thirty days of service upon CBS. Defendants urge the Court to adopt the reasoning of the Fourth, Sixth, and Eighth Circuits, which have rejected the first-served defendant rule, interpreting the removal statute to allow each individual defendant thirty days from the time they are served to remove or join in a removal petition. See McKinney v. Bd. of Trs. of Mayland Cmty. Coll., 955 F.2d 924, 928 (4th Cir. 1992) ("individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition"); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000) ("a later-served defendant has 30 days from the date of service to remove a case to federal

district court, with the consent of the remaining defendants"); Marano Enters. of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001).

In Marano Enters., after acknowledging the circuit split, the Eighth Circuit concluded that the time period for removal should be calculated for each defendant individually "regardless of when—or if—the previously served defendants had filed such notices." 254 F.3d at 756.

In Brierly, the Sixth Circuit noted that the "statutory language itself contemplates only one defendant and thus does not answer the question of how to calculate the event that multiple defendants are served at different times." 184 F.3d at 532.  The court expressed, however, that if Congress had intended the thirty day "removal period to commence upon service of the first defendant, it could have easily so provided." Id. at 533. As a matter of strict statutory construction the court refused to insert the word "first" in front of "defendant" in the statute and held that each defendant had thirty days to remove. Id. Furthermore, the Sixth Circuit recognized that it was a matter of "fairness" to later-served defendants that the thirty-day period is calculated for each defendant separately.  Id.

Based on the plain language of the removal statute, this Court agrees with the reasoning of the Fourth, Sixth, and Eighth Circuits.  Each defendant has thirty days from the date of service to remove a case to federal court or join in a petition for removal, with the consent of the remaining defendants.  CBS had thirty days from the date of its service to file a notice of removal, which it did; and there is no dispute that CBS's removal received the unanimous, timely consent of all co-defendants.  Therefore, CBS's removal was timely.  Plaintiffs' second motion to remand is DENIED.

## IV. Conclusion

Plaintiffs' first motion for remand to state court is GRANTED.  (Dkt. No. 13). However, in light of CBS's timely removal the case is properly removed to federal court and Plaintiffs' second motion to remand to state court is DENIED. (Dkt. No. 35).

IT IS SO ORDERED.

DATED THIS 30th day of June, 2008.

Dee Benson
United States District Court Judge